# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**AFFINITY TOOL WORKS, LLC.**, a Michigan limited liability company;

    Plaintiff,

v.

**SUNZI PRODUCTS, INC.**, an Illinois corporation and **IVAN GUO**, an individual,

    Defendants.

Civil Action No.:

Honorable

John S. Artz (P48578)
jsartz@dickinsonwright.com
Franklin M. Smith (P76987)
fsmith@dickinsonwright.com
DICKINSON WRIGHT PLLC
Attorneys for Plaintiff
2600 W. Big Beaver Road, Suite 300
Troy, MI 48084
(248) 433-7200

/

## COMPLAINT AND JURY DEMAND

Plaintiff Affinity Tool Works, LLC, by and through its attorneys, Dickinson Wright PLLC, states as follows for its Complaint:

## THE PARTIES

1. Plaintiff, Affinity Tool Works, LLC ("Affinity"), is a Michigan limited liability company with its principal place of business at 1161 Rankin, Troy, Michigan 48083.

2. Upon information and belief, Defendant, SunZi Products, Inc. ("SunZi"), is an Illinois corporation with its principal place of business at 1340 Remington Rd., Suite R, Schaumburg, Ill 60173.

3. Defendant Ivan Guo ("Guo") is an individual having an address of 2737 Wharton Way, Normal, Ill 61761.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. §101 *et seq*.

5. This Court has subject matter jurisdiction over Affinity's claims pursuant to 28 U.S.C. §§1331 and 1338(a) because this is a civil action for patent infringement and arises under the patent laws of the United States.

6. Defendant SunZi is subject to personal jurisdiction in this District by virtue of, *inter alia*, the fact it conducts business activity within the State of Michigan and in this District, has substantial and continuous contacts within the State of Michigan and in this District, and has committed acts of patent infringement in the State of Michigan and in this District.

7. Defendant Guo is subject to personal jurisdiction in this District by virtue of, *inter alia*, the fact it conducts business activity within the State of Michigan and in this District, has substantial and continuous contacts within the State of Michigan and in this District, and has committed acts of patent infringement in the State of Michigan and in this District.

8. Venue is proper because Defendant SunZi resides within this District as provided in 28 U.S.C. §§1391(c) and 1400(b) because the events giving rise to the claim occurred in this District and also because Defendant resides in this District.

9. Venue is proper because Defendant Guo resides within this District as provided in 28 U.S.C. §§1391(c) and 1400(b) because the events giving rise to the claim occurred in this District and also because Defendant resides in this District.

## FACTUAL BACKGROUND

10. Affinity is a provider of professional tools for increasing the productivity of and simplifying complex tasks.

11. Affinity's products include clamps, carpenters tools, woodworking tools, hand saws, diamond blades.

12. Affinity also manufactures and sells a Miter Saw Stand under the mark "PortAMate".

3

13. Affinity has invested considerable resources in the design, development, and marketing of its "PortAMate" Miter Saw Stand.

14. Affinity's "PortAMate" Miter Saw Stand has achieved acceptance in the industry and has generated substantial profits for Affinity.

15. Affinity has also secured significant patent rights directed toward various features and aspects of its "PortAMate" Miter Saw Stand.

16. Affinity is the owner by assignment of U.S. Design Patent No. D549,749 ("the D'749 Patent"), entitled "Portable Tool Stand", which issued on August 28, 2007. (Copy attached as Exhibit A.)

17. Affinity is the owner by assignment of U.S. Design Patent No. D552,136 ("the D'136 Patent"), entitled "Rail for Tool Mounting Brackets and the Like", which issued on October 2, 2007. (Copy attached as Exhibit B.)

18. Affinity is the owner by assignment of U.S. Design Patent No. D623,672 ("the D'672 Patent"), entitled "Mounting Bracket and Rail for Portable Tool Stand". (Copy attached as Exhibit C.)

19. Defendant SunZi is a sales and marketing alliance of various Chinese power tool manufacturers that sell directly to U.S. retailers and distributors.

20. On information and belief, Defendant Guo is the only officer and director of Defendant SunZi, which is a sham for his personal interests.

21. Defendants recently began marketing and selling in the U.S. a Universal Miter Saw Stand under the name "Performax" in violation of Affinity's patent rights.

22. Defendants' "Performax" product is available at various retail locations, including Menards, Inc.

## COUNT I
### (Infringement of the D'749 Patent)

23. Affinity repeats and realleges the allegations of Paragraphs 1 through 22, as though fully set forth herein.

24. The D'749 Patent was duly and legally issued by the United States Patent and Trademark Office.

25. The D'749 Patent is valid and enforceable.

26. Defendant has been and is currently infringing, actively inducing others to infringe, and/or contributing to the infringement of, the D'749 Patent in violation of 35 U.S.C. §271, through at least the manufacture, sale and/or offer for sale of its "Performax" product.

27. Upon information and belief, the Defendant will continue to infringe the D'749 Patent unless and until it is enjoined by this Court.

28. Defendant has caused and will continue to cause Affinity irreparable injury and damage by infringing the D'749 Patent.

29. Affinity will suffer further irreparable injury, for which there is no adequate remedy at law, unless and until Defendant is enjoined from infringing the D'749 Patent.

30. Affinity is entitled to injunctive relief under 35 U.S.C. § 283.

31. Affinity is entitled to an award of Defendant's profits pursuant to 35 U.S.C. § 289.

32. Affinity is entitled to damages under 35 U.S.C. § 284 by virtue of Defendant's infringement of the D'749 Patent, including lost profits.

33. Defendant's aforesaid acts are intentional, deliberate, wanton and willful.

34. This is an exceptional case, due at least in part to Defendant's intentional conduct, warranting an award of attorneys fees to Affinity under 35 U.S.C. § 285.

35. WHEREFORE, Plaintiff requests the relief set forth below.

## COUNT II
### (Infringement of the D'136 Patent)

36. Affinity repeats and realleges the allegations of Paragraphs 1 through 35, as though fully set forth herein.

37. The D'136 Patent was duly and legally issued by the United States Patent and Trademark Office.

6

38. The D'136 Patent is valid and enforceable.

39. Defendant has been and is currently infringing, actively inducing others to infringe, and/or contributing to the infringement of, the D'136 Patent in violation of 35 U.S.C. §271, through the manufacture, sale and/or offer for sale of its "Performax" product.

40. Upon information and belief, the Defendant will continue to infringe the D'136 Patent unless and until it is enjoined by this Court.

41. Defendant has caused and will continue to cause Affinity irreparable injury and damage by infringing the D'136 Patent.

42. Affinity will suffer further irreparable injury, for which there is no adequate remedy at law, unless and until Defendant is enjoined from infringing the D'136 Patent.

43. Affinity is entitled to injunctive relief under 35 U.S.C. § 283.

44. Affinity is entitled to an award of Defendant's profits pursuant to 35 U.S.C. §289.

45. Affinity is entitled to damages under 35 U.S.C. § 284 by virtue of Defendant's infringement of the D'136 Patent, including lost profits.

46. Defendant's aforesaid acts are intentional, deliberate, wanton and willful.

47.     This is an exceptional case, due at least in part to Defendant's intentional conduct, warranting an award of attorneys fees to Affinity under 35 U.S.C. § 285.

48.     WHEREFORE, Plaintiff requests the relief set forth below.

## COUNT III
### (Infringement of the D'672 Patent)

49.     Affinity repeats and realleges the allegations of Paragraphs 1 through 48, as though fully set forth herein.

50.     The D'672 Patent was duly and legally issued by the United States Patent and Trademark Office.

51.     The D'672 Patent is valid and enforceable.

52.     Defendant has been and is currently infringing, actively inducing others to infringe, and/or contributing to the infringement of, the D'672 Patent in violation of 35 U.S.C. §271, through the manufacture, sale and/or offer for sale of its "Performax" product.

53.     Upon information and belief, the Defendant will continue to infringe the D'672 Patent unless and until it is enjoined by this Court.

54.     Defendant has caused and will continue to cause Affinity irreparable injury and damage by infringing the D'672 Patent.

55. Affinity will suffer further irreparable injury, for which there is no adequate remedy at law, unless and until Defendant is enjoined from infringing the D'672 Patent.

56. Affinity is entitled to injunctive relief under 35 U.S.C. § 283.

57. Affinity is entitled to an award of Defendant's profits pursuant to 35 U.S.C. §289.

58. Affinity is entitled to damages under 35 U.S.C. § 284 by virtue of Defendant's infringement of the D'672 Patent, including lost profits.

59. Defendant's aforesaid acts are intentional, deliberate, wanton and willful.

60. This is an exceptional case, due at least in part to Defendant's intentional conduct, warranting an award of attorneys fees to Affinity under 35 U.S.C. § 285.

61. WHEREFORE, Plaintiff requests the relief set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Affinity, requests that the Court enter a judgment in the Plaintiff's favor and against the Defendants and provide Plaintiff the following relief:

A. Order, adjudge and decree that the Defendants, Sun Zi Products, Inc. and Ivan Guo, have infringed each of the D'749 Patent; the D'136 Patent, and the D'672 Patent in violation of 35 U.S.C. § 271;

B. Order, adjudge, and decree that Defendants have willfully and knowingly infringed the D'749 Patent; the D'136 Patent, and the D'672 Patent;

C. Order, adjudge and decree that this case is exceptional under 35 U.S.C. § 285;

D. Issue preliminary injunctive relief prohibiting the Defendants, their respective parents, subsidiaries, principals, officers, agents, affiliates, servants, attorneys, employees, and all others in privity with them from infringing the D'749 Patent; the D'136 Patent, and the D'672 Patent.

E. Issue permanent injunctive relief prohibiting the Defendants and their respective parents, subsidiaries, principals, officers, agents, affiliates, servants, attorneys, employees, and all others in privity with them from infringing the D'749 Patent; the D'136 Patent, and the D'672 Patent.

F. Award Affinity damages for patent infringement including prejudgment interest and costs against the Defendants under 35 U.S.C. § 284;

G. Award Affinity increased damages under 35 U.S.C. § 284;

H. Award Affinity its reasonable attorney's fees under 35 U.S.C. § 285;

I. Award Affinity the profits received by Defendants in connection with its infringing activities; and

J. Award such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DICKINSON WRIGHT PLLC

By: /s/John S. Artz
John S. Artz (P48578)
jsartz@dickinsonwright.com
Franklin M. Smith (P76987)
fsmith@dickinsonwright.com
Attorneys for Plaintiff
2600 W. Big Beaver Rd. Suite 300
Troy, MI 48084
(248) 433-7200

Dated: May 13, 2014